UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| BRADLEY MCFARLAND, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>HOSPICE SOURCE, LLC, )<br>)<br>Defendant. ) | No.: 4:20-cv-00041-TCB |

## AMENDED COMPLAINT

Pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), Plaintiff files this lawsuit against Defendant and alleges the following:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

2. Plaintiff is a resident off Fort Oglethorpe, Catoosa County, Georgia, and is a citizen of the state of Georgia.

3. Defendant is a Delaware corporation that does business in Georgia and has offices and facilities in Georgia. Its registered agent for service of process in Georgia is CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia, 30046.

4.     Defendant provides medical equipment to hospice patients in their homes and in nursing homes.

5.     Plaintiff was employed by Defendant from approximately July of 2019 through January of 2020.

6.     Plaintiff was employed by Defendant as a patient care assistant who transported, delivered, and retrieved medical equipment for hospice patients who were in their homes and in nursing homes.

7.     Plaintiff transported, delivered, and retrieved medical equipment in Ringgold, Georgia, Rossville, Georgia, Chickamauga, Georgia, and in various other cities in North Georgia.  Plaintiff also crossed state lines and worked in Tennessee.

8.     Defendant paid Plaintiff an hourly rate for his work.

9.     While he was employed by Defendant, Plaintiff routinely performed uncompensated work "off the clock" for which he was not compensated, including overtime hours of more than 40 in a workweek for which he received no compensation.

10.    More specifically, Defendant routinely engaged in a practice of deleting some of Plaintiff's recorded work time by rounding his clock times solely in Defendant's favor; clocked Plaintiff out for lunch breaks that Plaintiff did not

take, or otherwise did not compensate Plaintiff when he worked through his lunch breaks; and failed to compensate Plaintiff for compensable work time while he was on call.

11. Defendant was an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

12. Plaintiff was an "employee" of Defendant as defined by Section 203(e)(1) of the FLSA.

13. While was employed by Defendant, Plaintiff was engaged in commerce or in the production of goods for commerce as defined by Sections 207(a)(1) and 203(b)of the FLSA.

14. Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA. Defendant had annual gross volume of sales which exceeded $500,000.00.

15. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendant.

16. While Plaintiff was employed by Defendant, Plaintiff was entitled to overtime wages at a rate of one and one-half times his regular rate of pay for all hours worked over 40 in a given workweek.

17. Defendant's failure to pay Plaintiff overtime wages of one and one-

half times his regular rate of pay for all overtime hours was a violation of Section 207(a)(1) of the FLSA.

18. As a result of Defendant's violation of Section 207 of the FLSA, Defendant is liable to Plaintiff for overtime back pay.

19. In addition to the amount of unpaid overtime wages owing to Plaintiff, Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

20. Plaintiff is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

21. Defendant's violation of Section 207 of the FLSA was willful. Specifically, Defendant was well aware of its obligation to pay Plaintiff overtime wages pursuant to the FLSA, or recklessly disregarded its legal obligation.

22. The alleged FLSA violations occurred during the period from approximately August 11, 2019 through January 11, 2020. Plaintiff estimates the total amount of his unpaid wages to be approximately $2,738.25, which includes unpaid overtime wages of $2,425.05 and unpaid straight-time wages of $313.20.

WHEREFORE, Plaintiff prays for a judgment for damages against Defendant that include the following:

(a) overtime back pay;

(b) liquidated damages in an amount equal to his overtime back pay;

(c) straight-time wages;

(c) interest;

(d) reasonable attorney's fees;

(e) the costs and expenses of this action; and

(f) all further general legal and equitable relief to which he may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr., #13839
4525 Harding Road, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

/s/ John McCown
John McCown, GA Bar #486002
Warren & Griffin, P.C.
300 West Emery Street, Suite 108
Dalton, GA 30720
(706) 529-4878
(706) 529-3890 (facsimile)
john.mccown@warrenandgriffin.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of March, 2020, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on Sandra Kaye Bowen, Irvin Bowen Hale-Smith LLC, 2970 Peachtree Road, N.W., Suite 225, Atlanta, Georgia, 30305.

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr., GA Bar #387630
